United States Bankruptcy Court

Eastern District of Pennsylvania

In re:  
James Momoh Kemokai  
    Debtor

Case No. 24-10277-amc  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2      User: admin      Page 1 of 1  
Date Rcvd: Oct 01, 2025      Form ID: pdf900      Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 03, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | James Momoh Kemokai, 268 Hampden Rd, Upper Darby, PA 19082-4007 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 03, 2025      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 1, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| JAMES RANDOLPH WOOD | on behalf of Creditor Upper Darby Township jwood@portnoffonline.com jwood@ecf.inforuptcy.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| MICHAEL A. CIBIK | on behalf of Debtor James Momoh Kemokai help@cibiklaw.com noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 4

# United States Bankruptcy Court
# Eastern District of Pennsylvania

| | |
|---|---|
| James Momoh Kemokai, | Chapter 13 |
| | Case No. 24-10277-AMC |
| *Debtor*. | |

## ORDER

**AND NOW,** this __1st__ day of __Oct._____, 2025, upon consideration of the Motion to Sell Property Free and Clear of Liens filed by Debtor, upon notice to all interested parties, and any response thereto, it is hereby

**ORDERED,** that debtor is authorized to sell his/her real property located at 268 Hampden Road, Upper Darby, PA 19082-4007 ("Property"), with all liens to be paid at closing, for the sale price of $240,000.00, pursuant to the terms of a certain real estate agreement of sale dated September 5, 2025 to the buyer(s) thereunder, Jatinder Singh ("Buyer"), who have been represented to be purchasing the Property at arms-length.

Upon approval of the proposed modified plan, Debtor will be paying 100% to all allowed unsecured claims under the terms of the current plan. The proceeds from the real estate sale, paid into the Chapter 13 Plan, will result in the Debtor reaching the base plan amount, and the completion of payment of 100% to all allowed unsecured claims.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters.

2. Liens paid at closing including any amounts outstanding on the mortgage.

3. Real estate taxes, sewer, trash and/or other such items.

4. Property repairs, if any.

5. Real estate commission, at no greater than 6%.

6. Real Estate Transfer Taxes.

7. Attorneys' fees.

8. Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement.

9. Kenneth West, Chapter 13 Trustee, $46,480.00.

10. Any other necessary expenses to allow the sale to close.

This Order is contingent upon the mortgage lien(s) held by MidFirst Bank (POC #6) or its assigns being paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date; or any short payoff shall be approved by MidFirst Bank; and Debtor shall have ninety (90) days from entry of this Order to sell the Property.

Any judgments and liens shall be paid at closing in amounts necessary to provide the buyer with clear title.

Upon receipt of payment, any creditor(s), paid at closing shall withdraw or amend its proof of claim within 30 days.

The balance of sales proceeds after all the above distributions shall be paid to the Debtor James Kemokai, and his spouse Margaret Euaster, as sole owners of the property.

This Order shall constitute an order permitting the Debtor(s) to make disbursements at or immediately after settlement as provided herein above.

The title clerk shall email settlementsheet@ph13trustee.com a completed HUD-1 or

settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon trustee approval, the title clerk shall email fax a copy of the disbursement check to the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

Per Bankruptcy Rule 6004(h), the 14-day stay as to effect of this Order is hereby waived.

BY THE COURT:

_____
Honorable Ashely M. Chan
Chief U.S. Bankruptcy Judge